# EXHIBIT A

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022001475**
VAL
SEP 02, 2022 02:06 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022001475

Metcalfe, Contessa Dr.

---
**PLAINTIFF**

VS.

QTC MEDICAL GROUP, INC

---
**DEFENDANT**

**SUMMONS**

TO: QTC MEDICAL GROUP, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Contessa Metcalfe**

**4959 Northside Dr**
**Atlanta, Georgia 30327**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of September, 2022.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022001475**
VAL
SEP 02, 2022 02:06 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY, GEORGIA

| | | |
|---|---|---|
| **DR. CONTESSA METCALFE** | ) | |
| 4959 Northside Dr. | ) | |
| Atlanta, GA 30327 | ) | **CASE NO.** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | **DIVISION** |
| **QTC MEDICAL GROUP, INC** | ) | |
| SERVE REGISTERED AGENT: | ) | |
| CT Corporation System | ) | |
| 289 S Culver St, | ) | |
| Lawrenceville, GA, 30046-4805 | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW the Plaintiff, **Contessa Metcalfe, M.D.** ("Dr. Metcalfe" or "Plaintiff") for her

Petition for a cause of action against defendant, **QTC MEDICAL GROUP, INC** ("Defendant")

on claims of discrimination and retaliation. Plaintiff seeks compensatory and punitive damages

against **Defendant** and states as follows:

### NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.    Plaintiff brings this action against Defendant for discriminatory, retaliatory, and

other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. 2000e *et seq.*, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended

("§1981") 42 U.S.C. 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, as

amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, as

amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Rehabilitation Act of 1973, as amended

29 U.S.C. §701 *et seq.* ("Rehab Act") as a result of Defendant: a) unlawful denial of Dr.

Metcalfe's employment opportunities based on her race, sex, age, and disability; b) retaliation for

reporting wrongful conduct of discrimination and retaliation; and c) engaging in other related

lawful acts, conduct, and practices. Dr. Metcalfe seeks compensatory and punitive damages against Defendant and states as follows:

2.      The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Dr. Metcalfe on the basis of her race, sex, age, and disability with respect to the terms, conditions, and privileges of her employment; and the procedure or manner in which Defendant evaluated Dr. Metcalfe's qualifications for continued employment opportunities has resulted in prohibited race, sex, age, and disability discrimination, as well as retaliation.

3.      The related acts of conduct and practices of Defendant are a violation of Title VII, §1981, ADEA, the ADA, and the Rehab Act.

4.      The unlawful conduct of Defendant, which deprived Dr. Metcalfe of employment opportunities and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination and retaliation alleged in this Petition.

5.      In violation of Title VII, §1981, ADEA, the ADA, and the Rehab Act. Defendant repeatedly and continuously discriminated and retaliated against Dr. Metcalfe for engaging in protected activity, including, but not limited to, her reporting sexually and racially discriminatory behavior of agents of Defendant; as well as hostile treatment she received from her managers, supervisors, and co-workers; and, by engaging in other conduct protected by law.

6.      Defendant's decision to unjustifiably deny employment opportunities to Dr. Metcalfe was a pretext for unlawful race, sex, age, and disability discrimination, in violation of Title VII, §1981, ADEA, the ADA, and the Rehab Act prohibiting discrimination against any employee.

## PARTIES, JURISDICTION, AND VENUE

7.    Dr. Metcalfe resides at 4959 Northside Dr., Atlanta, Henry County, Georgia, and is a citizen of the United States of America. Dr. Metcalfe has been a productive employee of Defendant from approximately 2007 when she began her employment with Defendant as a physician until present date. She is a 45-year-old disabled African American female.

8.    QTC Medical Group ("Defendant" or "QTC") is incorporated under California law with its principal office address at 924 Overland Court, San Dimas, CA, 91773. QTC operates a medical facility where Plaintiff was employed at in Stockbridge, Henry County, Georgia. Therefore, QTC has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

9.    At all times during Plaintiff's employment with QTC, they were an "employer" as defined by Title VII, §1981, ADEA, the ADA, and the Rehab Act.

10.    QTC was engaged in an industry that affected commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every month of Plaintiff's employment with QTC.

11.    Defendant treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

12.    This Court has personal jurisdiction over Defendant because Plaintiff was employed in Henry County, Georgia and some acts or omissions as alleged herein occurred in Henry County, Georgia.

13.    Venue is proper because this cause of action arose in whole, or in part, in Henry County, Georgia.

14.     Plaintiff filed an amended charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about June 23, 2021, regarding claims of race, sex, age, and disability discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Petition.

15.     EEOC assigned Plaintiff's Charge number 410-2021-02575.

16.     The EEOC placed in outgoing mail to Plaintiff a Notice of Right to Sue with respect to said charges on June 5, 2022. Plaintiff filed this action within 90 days of receipt of said Notice of Right to Sue. (A copy of the charges and right to sue letter is attached as Exhibit A).

17.     Plaintiff has exhausted all her administrative remedies with the EEOC. Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Title VII, §1981, ADEA, the ADA. The Rehab Act, and related law.

## **FACTUAL ALLEGATIONS**

18.     At all times Dr. Metcalfe was employed as an at-will employee of Defendant.

19.     Dr. Metcalfe began work at QTC as a physician on or about 2007.

20.     Plaintiff relocated for approximately two (2) years between July 2018 and August 2020 for a residency and graduate degree program.

21.     Plaintiff has consistently remained in good standing as an active provider with Defendant. However, during her two-year relocation, she was not available to work shifts for Defendant.

22.     Upon Plaintiff's return to Atlanta, GA in the fall of 2020, she reached out to her colleagues and other employees of Defendant to notify them of her return.

23.     Prior to her return, she was notified that the "climate" of QTC had changed, and that Defendant's medical staff was uncomfortable with the racial tension caused by new administration.

24.     Plaintiff was informed that an employee of Defendant, Keoshia Jackson, was having panic attacks and suffered from anxiety due to being bullied by a Caucasian manager employee of Defendant.

25.      Other employees informed Plaintiff that they did not support Ms. Jackson in her struggles with racial discrimination by Defendant employees for fear of "not being scheduled" or having their "schedule(s) pulled or canceled."

26.     Plaintiff personally reached out to Ms. Jackson to offer her support. Plaintiff thereafter contacted Defendant and was given information for Jamaal Williamson, a Defendant employee, who could reactivate her provider ID in Defendant's system and allow her to complete training necessary to see patients again.

27.     Plaintiff was informed by Defendant and confirmed by Suyan Soni, the senior provider recruiter for the SE region, that the Morrow, Georgia clinic had been closed and there was subsequently an "urgent need" for providers in the clinic that replaced that clinic in Stockbridge, Georgia.

28.     Plaintiff was also notified that she could work at least twenty (20) hours every week.

29.     On or about January 7, 2021, Plaintiff was notified by Deandra Garza, a Defendant travel team coordinator, that there was an "urgent request" for work at one of their clinics and Plaintiff subsequently agreed to travel to Kennewick, Washington from January 20, 2021, to January 22, 2021.

30. Plaintiff was thereafter contacted by Krystal Mosley, a clinic manager in the Augusta, Georgia clinic, and Ms. Mosley requested Plaintiff to work several dates in both January and February of 2021.

31. During Plaintiff's correspondence with Ms. Mosley, she informed Ms. Mosley of Ms. Jackson being subjected to horrific behavior by a new manager in the Atlanta clinic, where Ms. Jackson had been called a "housemaid" and was told to "know her place."

32. Plaintiff advised Ms. Mosley that she wished to help Ms. Jackson.

33. Plaintiff was thereafter contacted by Ms. Mosley and Greg Corbitt ("Corbitt"), the white manager who made the racially insensitive and derogatory comments to Ms. Jackson.

34. Mr. Corbitt informed Plaintiff that he would be limiting Plaintiff's schedule, where she would not have more than a few patients per day. Plaintiff informed both Ms. Mosley and Mr. Corbitt that such restriction would not make financial sense due to Plaintiff having to take extensive steps to travel to their clinic.

35. Typically, a clinician at QTC similarly situated to Plaintiff would see ten (10) or more patients/claimants in a day.

36. Further, such restriction of Plaintiff's schedule did not make sense if there was indeed a huge need for providers at their facility as previously communicated.

37. Upon Plaintiff's arrival at the Georgia clinic, she was subjected to discriminatory behavior including but not limited to:

> a        Plaintiff was informed upon her arrival that she would be required to clean her own exam room despite there being four (4) medical assistants sitting at the front desk and physicians typically were never asked to clean exam rooms.
> b        Plaintiff was not provided with assistance in taking patients after the appointment to their next appointment/location, nor did she had access to see if the patients even had another appointment. Typically, patients are taken to their next facility location by a medical assistant after their appointment.

38.     On or about February 4, 2021, Plaintiff received correspondence by Ms. Mosley informing her that she would not be scheduling Plaintiff for Augusta now or in the future.

39.     Plaintiff was scheduled to work in the Stockbridge Clinic again on February 11, 2021.

40.     However, on February 10, 2021, Plaintiff was contacted by Ms. Jackson and another employee clinic manager of Defendant, Yolanda Campbell, and was informed that her work had been canceled.

41.     Upon information and belief, Mr. Corbitt had contacted Ms. Campbell and informed her to remove Plaintiff immediately from the schedule and to never schedule Plaintiff in Georgia clinics.

42.     Upon information and belief, Ms. Campbell had been yelled at by Mr. Corbitt for even considering allowing "that kind of person" to work in the clinic in his reference to Plaintiff.

43.     Upon information and belief, Ms. Campbell explained to Mr. Corbitt how the entire staff, providers and hourly employees had nothing but great things to say about working with Plaintiff and Mr. Corbitt did nothing but use expletives to state why Plaintiff could not work at the clinic.

44.     Plaintiff has been informed by several Defendant employees that Mr. Corbitt is "on a mission" to keep Plaintiff from "working in the clinics" and that he was "furious" that Plaintiff was attempting to have him held accountable for his actions against Ms. Jackson.

45.     On or about February 16, 2021, Plaintiff contacted Norma Wing, the medical provider liaison manager for Defendant, that Plaintiff believed that she was being retaliated against by the area manager, Greg Corbitt.

46.    Plaintiff further advised QTC that she suffered from a medical condition that qualified as a disability and sought an accommodation of needing to be scheduling locally to obtain the medical treatment she needed and to not cause her condition to flare up.

47.    However, QTC ignored Plaintiff's request and refused to schedule her locally for work shifts despite the need for her skillset.

48.    Plaintiff further requested to contact the EEOC representative at QTC to voice her complaints but was not put in contact with the representative.

49.    On or about February 26, 2021, Plaintiff was contacted by the associate director of operations, Renee Williams.

50.    Ms. Williams acknowledged that QTC was aware and had "dealt with" the issue regarding Ms. Jackson being subjected to racial and sexual harassment by Mr. Corbitt.

51.    Ms. Williams further notified Plaintiff that she would not be allowed to work in the Stockbridge clinic.

52.    Plaintiff has not been allowed to conduct work in a QTC clinic since May 5, 2021.

53.    QTC treated younger, non-African American, male and non-disabled employees more favorable than Dr. Metcalfe.

54.    Plaintiff suffered lost wages and benefits from Defendant, for past and future earnings she would have been entitled to and received but for her discriminatory and unlawful treatment by Defendant.

55.    In addition to the severe economic loss, Dr. Metcalfe has also suffered significant anxiety because of Defendant's unlawful treatment.

**COUNT I:**
**Prohibited Sex Discrimination and Harassment (in Violation of Title VII)**

COMES NOW, the Plaintiff, and for Count I of her cause of action for discrimination pursuant to Title VII states:

56.    Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

57.    Defendant subjected Plaintiff to harassment and discrimination because of Plaintiff's sex of female.

58.    Defendant discriminated against Plaintiff on the basis of sex with unjust treatment by Defendant regarding employment opportunities with Defendant's organization being revoked.

59.    Dr. Metcalfe's sex as a female was a motivating factor of the discrimination and harassment Dr. Metcalfe experienced from Defendant.

60.    Defendant's conduct was undertaken with a conscious, reckless disregard for Plaintiff's right to be free from discrimination in the workplace.

WHEREFORE, Plaintiff prays for the Court to find Defendant have violated Title VII and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II
### Prohibited Race Discrimination (in Violation of Title VII and §1981)

COMES NOW, Plaintiff, and for Count II of her cause of action for discrimination pursuant to Title VII and §1981 states:

61.    Dr. Metcalfe restates and incorporates by reference, each and every paragraph herein this Petition as if fully set forth herein.

62.    The acts described herein constitute race discrimination and harassment.

63.     Dr. Metcalfe is African American, therefore, a member of a protected class.

64.     Plaintiff was hired into and maintained a position for which Plaintiff was qualified.

65.     Dr. Metcalfe was subjected to race discrimination and harassment by Defendant in the following ways, including, but not limited to when a supervisor blacklisted Plaintiff from Atlanta clinics; Defendant subjecting Dr. Metcalfe to a hostile and unfair treatment; and, denying Dr. Metcalfe opportunities for advancement for interfering with Dr. Metcalfe's job duties as a result of her race.

66.     Plaintiff was not treated equally with regard to Defendant's application of their own workplace policies.

67.     Defendant's management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff on the basis of her race.

68.     But for Plaintiff's African American race, Plaintiff would not have suffered discriminatory treatment from Defendant.

69.     Defendant then finalized and/or ratified the discriminatory denial of Plaintiff employment opportunities on the basis of her race when they took an adverse action by unlawfully denying Plaintiff of employment opportunities.

70.     Defendant through their representatives, agents, and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's lawfully protected rights under Title VII and §1981.

71.     The actions and conduct set forth herein were outrageous, showed evil motive, reckless indifference, or conscious disregard for the rights of Plaintiff and others, therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and deter them and others like them from similar discriminatory conduct.

72.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for the Court to find Defendant have violated §1981 and Title VII and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT III-
### Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)

COMES NOW, the Plaintiff, and for Count III. of her cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq*. ("ADEA") states:

73.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this Petition as if fully set forth herein this Paragraph.

74.     Plaintiff is a 45-year-old disabled African American female and was discriminated against because of her age.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT IV-
### Prohibited Discrimination (in Violation of the Americans with Disabilities Act of 1990 ("ADA"), as Amended, 42 U.S.C. 12101 et seq.)

COMES NOW, the Plaintiff, and for Count IV of her cause of action for discrimination pursuant to 42 U.S.C. 12101 et seq. states:

75.    Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained in this Petition as if fully set forth herein this Paragraph.

76.    Dr. Metcalfe is a disabled person as defined by the ADA.

77.    Dr. Metcalfe is qualified, with or without reasonable accommodation, to perform the essential functions of her job.

78.    The ADA imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

79.    Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation.

80.    The ADA does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

81.    QTC discriminated against Dr. Metcalfe because of her disability.

82.    As a result of the unlawful acts and conduct of QTC, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 12101 et seq. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional

distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

**Count V**
**Prohibited Discrimination in violation of the Rehabilitation Act of 1973, as amended 29 U.S.C. §701 *et seq*. ("Rehab Act")**

83.    COMES NOW, the Plaintiff, and for Count V of her cause of action pursuant to 29 U.S.C. §701 *et seq*., the Rehab Act.

84.    QTC Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained in this Petition as if fully set forth herein this Paragraph.

85.    Defendant QTC is a federal contractor for the purpose of this matter and subject to the law herein.

86.    Dr. Metcalfe is a disabled person as defined by the ADA and Rehab Act.

87.    Dr. Metcalfe is qualified, with or without reasonable accommodation, to perform the essential functions of her job.

88.    The Rehab Act imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

89.    Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation.

90.    The Rehab Act does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

91.     QTC discriminated against Dr. Metcalfe because of her disability.As a result of the unlawful acts and conduct of QTC, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. §701 *et seq.*, the Rehab Act and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

**COUNT VI-**
**Prohibited Retaliation (in Violation of Title VII §1981, ADEA, ADA, and the Rehab Act)**

COMES NOW, the Plaintiff, and for Count V of her cause of action for Retaliation pursuant to Title VII, §1981, ADEA, the ADA, and the Rehab Act states:

92.     Dr. Metcalfe engaged in protected activity under Title VII §1981, ADEA, the ADA, and the Rehab Act as described and aforementioned herein this petition.

93.     Dr. Metcalfe suffered an adverse employment action as a consequence of engaging in protected activity under Title VII, §1981, ADEA, the ADA, and the Rehab Act. including but not limited to denial of employment opportunities as described and aforementioned herein this petition.

94.     There is a direct connection between Dr. Metcalfe's protected activity of reporting the racially and sexually harassing and racist actions of the Defendant, seeking an accommodation for her disability, and reporting that she believed she was being subjected to retaliatory behavior and the adverse employment action taken by Defendant towards Plaintiff.

WHEREFORE, Plaintiff prays for the Court to find Defendant have violated Title VII, §1981, ADEA, the ADA, and the Rehab Act and, therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

i)    Defendant is ordered to make Plaintiff whole by providing appropriate back and front pay and benefits, with prejudgment interest, in amounts to be proved at trial

ii)    Plaintiff is awarded extraordinary and/or equitable relief as permitted by law, equity and any and all applicable statutory provisions related hereto;

iii)    Plaintiff is awarded all compensatory, restitutionary, and/or remedial relief;

iv)    Plaintiff is awarded pre-judgment interest and post-judgment interest, as well as her reasonable attorneys' fees, expert witness fees and other costs; and,

v)    Plaintiff is awarded such other legal and equitable relief as the Court deems appropriate and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all of the allegations contained in this Petition that are triable before a jury.

RESPECTFULLY SUBMITTED,

*/s/ Contessa Metcalfe, M.D.*
4959 Northside Dr.
Atlanta, GA 30327
*Pro Se Plaintiff*

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | *Amended*<br>410-2021-02575 |

| Georgia Commission on Equal Opportunity | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Dr. Contessa Metcalfe** | 616-308-1701 | 6/4/1976 |

| Street Address | City, State and ZIP Code |
|---|---|
| **4959 Northside Drive** | **Atlanta, GA 30327** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **QTC Medical Group** | **201-500** | **678-782-6911** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1050 Eagles Landing Pkwy, Suite 103** | **Stockbridge, GA 30281** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☒ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☒ AGE | ☒ DISABILITY | | ☐ GENETIC INFORMATION |
| ☐ OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **1/25/2021**    Latest **present**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Charging Party ("CP") is a 45 year old, disabled veteran female who is African American. CP began her employment with QTC in approximately 2007 as a physician. CP took a leave of absence from approximately July 2018 until November 2020. In approximately winter 2020, a African American female employee informed CP that the employee was the victim of racially and sexually discriminatory comments by the regional manager, Gregory Corbitt. Corbitt is a white male. After learning of Corbitt's actions, CP reported his behavior to QTC management immediately upon CP's return from leave of absence and requested that the complaint be forwarded to HR for further investigation.

After reporting Corbitt's behavior on or about January 25, 2021, and making numerous attempts to follow up with management regarding Corbitt's behavior, CP has now been denied numerous employment opportunities to work for QTC in the Atlanta area. CP is forced to travel great distances all over the country if she desires to work for QTC because it is reasonably believed that management will not allow CP to work as the result this complaint despite there being employment opportunities available. CP experienced worsened

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

6/23/2021 — Gerald Gray, Attorney for Charging Party
*Date*    *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | *Amended* |
| | ☒ EEOC | 410-2021-02575 |

| Georgia Commission on Equal Opportunity | and EEOC |
|---|---|
| *State or local Agency, if any* | |

and retaliatory treatment after informing the company of her complaint and fear of retaliation. CP also advised QTC that she believes that she am being mistreated because she reported discriminatory conduct that was racially and sexual motivated by the regional manager. CP have further advised QTC that she suffers from various medical conditions that qualify as a disability and unnecessary travel creates a hardship and increases pain and sypmtoms of CP's disability. CP reasonably believes that younger similiarly situated individuals are also provided with better opportunities for employment. CP continues to be denied employment opportunities.

CP believes that her race, sex, disability, age and reports of discriminatory treatment based on such are the reasons he has received such discriminatory and retaliatory treatment. CP seeks any remedy/relief available to her by law.

| I want this charge filed with both the EECC and the State or local Agency, if any, I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/23/2021 *Date*     *Gerald Gray II, Attorney for Charging Party*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Dr. Contessa Metcalfe
4959 Northside Drive
ATLANTA, GA 30327
Charge No: 410-2021-02575

EEOC Representative and email:    Laurence Knight
laurence.knight@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2021-02575.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
06/05/2022

Darrell Graham
District Director

**Cc:**
Paul Kehoe
paul.h.kehoe@leidos.com

Gerald Gray
G. Gray Law, LLC
ggraylaw@outlook.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2021-02575 to the District Director at Darrell Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**General Civil and Domestic Relations Case Filing Information Form**

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

☐ Superior or ☑ State Court of ___Henry_____ County **STSV2022001475**
VAL

SEP 02, 2022 02:06 PM

| For Clerk Use Only | |
|---|---|
| Date Filed 09-02-2022 | Case Number STSV2022001475 |
| **MM-DD-YYYY** | *Lynne M. Policara* |

Lynne M. Policara, Clerk of State Court
Henry County, Georgia

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Metcalfe, Contessa Dr. | | | | | QTC MEDICAL GROUP, INC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **Bar Number** _____ **Self-Represented** ☑

**Check one case type and, if applicable, one sub-type in one box.**

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☐ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☐ **Contract** |    ☐ **Non-payment of child support,** |
| ☐ **Contempt/Modification/Other** |    **medical support, or alimony** |
|    **Post-Judgment** | ☐ **Dissolution/Divorce/Separate** |
| ☐ **Garnishment** |    **Maintenance/Alimony** |
| ☐ **General Tort** | ☐ **Family Violence Petition** |
| ☐ **Habeas Corpus** | ☐ **Modification** |
| ☐ **Injunction/Mandamus/Other Writ** |    ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Landlord/Tenant** | ☐ **Paternity/Legitimation** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – IV-D** |
| ☐ **Product Liability Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Real Property** | ☐ **Other Domestic Relations** |
| ☐ **Restraining Petition** | |
| ☑ **Other General Civil** | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
       **Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022001475**
VAL
**SEP 02, 2022 02:06 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  <u>STSV2022001475</u>

Metcalfe, Contessa Dr.

_____

**PLAINTIFF**

                                **VS.**

QTC MEDICAL GROUP, INC

_____

**DEFENDANT**

### SUMMONS

TO: QTC MEDICAL GROUP, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Contessa Metcalfe**

**4959 Northside Dr**
**Atlanta, Georgia 30327**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of September, 2022.**

                        Clerk of State Court


_____
        Lynne M. Policaro, Clerk of State Court
                    Henry County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022001475**
VAL

**SEP 07, 2022 03:14 PM**

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                                    **County of Henry**

Case Number: STSV2022001475

Plaintiff: **Dr Contessa Metcalfe**
vs.
Defendant: **QTC Medical Group Inc**

For:
Contessa Metcalfe
Pro Se
4959 Northside Dr
Atlanta, GA

Received by Ancillary Legal Corporation on the 2nd day of September, 2022 at 5:03 pm to be served on **QTC Medical Group Inc c/o CT Corporation System, 289 S Culver St, Lawrenceville, GA 30046**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **6th day of September, 2022** at **1:45 pm, I:**

served **QTC Medical Group Inc c/o CT Corporation System** by delivering a true copy of the **Summons, Plaintiff's Petition for Damages, Exhibit A, Determination and Notice of Rights, General Civil and Domestic Relations Case Filing Information Form** to: CT Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to Accept** at the address of: **289 S Culver St, Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
9/6/2022  1:45 pm  Perfected corporate service at 289 S Culver St Lawrenceville, Ga 30046 by serving Linda Banks, Process Specialist.

**Description** of Person Served: Age: ~71, Sex: F, Race/Skin Color: White, Height: ~5'4", Weight: 140, Hair: Grey, Glasses: Y

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the _____
day of _____ _____ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2022008403
Ref: Metcalfe

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i